UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PAULA J TERRELL, <br><br> Plaintiff, <br><br> v. <br><br> JPMORGAN CHASE BANK N.A., et al., <br><br> Defendants. | CASE NO. C14-930 MJP <br><br> ORDER ON PLAINTIFF'S MOTION TO AMEND AND DEFENDANTS' MOTIONS TO DISMISS |

THIS MATTER comes before the Court on Plaintiff's Motion to Amend Complaint (Dkt. No. 24) and Defendants' Motions to Dismiss (Dkt. Nos. 13, 16). Having considered the Parties' briefing and all related papers, the Court DENIES Plaintiff's motion to amend as futile and GRANTS Defendants' motions to dismiss. Plaintiff's case is DISMISSED with prejudice.

**Background**

Plaintiff filed suit on June 24th, 2014, alleging violations of several statutes in connection with Defendants' attempted foreclosure on her home. Plaintiff alleges violation of the Deed of Trust Act, RCW 61.24.030(7), breach of the duty of good faith in violation of RCW 61.24.010(4), violation of the Washington Consumer Protection Act, RCW 61.24.135(2),

1  violation of section 1641(f)(2) of the Truth in Lending Act, violation of section 2605(e) of the

2  Real Estate Settlement Procedures Act, and violation of the Fair Debt Collection Practices Act.

3  The thrust of Plaintiff's complaint is that Defendants initiated foreclosure without adequate proof

4  that they owned her debt and without sufficient proof that she was actually in default.

5        Defendants filed motions to dismiss (Dkt. Nos. 13, 16), arguing that Plaintiff's complaint

6  fails to state a claim under Fed. R. Civ. P. 12(b)(6).  Plaintiff then moved to amend her complaint

7  to add and remove causes of action and to clarify the facts supporting her claims, alleging that

8  Plaintiff was incorrectly identified as being in default because Defendants misapplied payment

9  credits and charged her impermissible fees.  (Dkt. No. 37.)

10  **Discussion**

11      I.    Legal Standards

12          A.    Leave to Amend Complaint

13        Whether to grant leave to amend "is within the sound discretion of the trial court" guided

14  by Fed. R. Civ. P. 15's underlying purpose of facilitating decisions on the merits. United States

15  v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).  In considering whether to permit amendment,

16  courts consider the following factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing

17  party, (4) futility of amendment, and (5) whether plaintiff has previously amended the complaint.

18  Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990).  Futility can, by itself, justify

19  denial of a motion for leave to amend.  Bonin v. Calderon, 59 F.3d 815 (9th Cir. 1995).  The

20  consideration of prejudice to the opposing party, however, "carries the greatest weight." Sonoma

21  Cnty. Ass'n of Retired Employees v. Sonoma Cnty., 708 F.3d 1109, 1117 (9th Cir. 2013).

22  Dismissal of a pro se complaint without leave to amend is proper only if it is clear that the

23  deficiencies cannot be cured by amendment.  Flowers v. First Hawaiian Bank, 295 F.3d 966, 976

24

(9th Cir. 2002). "A district court, however, does not abuse its discretion in denying leave to amend where amendment would be futile." Id. (citation omitted).

B.   Dismissal Pursuant to Fed. R. Civ. P 12(b)(6)

Under Fed. R. Civ. P. 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  In ruling on a motion to dismiss, the Court must construe the complaint in the light most favorable to the non-moving party.  Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).  The Court must accept all well-pleaded allegations of material fact as true and draw all reasonable inferences in favor of the plaintiff.  Wyler Summit P'ship v. Turner Broad. Sys., 135 F.3d 658, 661 (9th Cir. 1998).

Dismissal is appropriate where a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Aschcroft v. Iqbal, 556 U.S. 662, 678 (2009).  As a result, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

II.   Leave to Amend

Plaintiff requests leave to amend her complaint in order to add a breach of contract claim and remove the Consumer Protection Act and Truth in Lending Act claims, arguing amendment is necessary to allow her to "clarif[y] the facts supporting Plaintiff's Complaint." (Dkt. No. 24 at 4.) Plaintiff contends that because this case is in its initial stage, there is no undue prejudice or delay, that amendment is not futile but rather serves to clarify her complaint, and that the request is not made in bad faith. (Id. at 4-6.)  Defendants oppose leave to amend, arguing that the

1 | motion is made in bad faith as a "dilatory tactic to draw out the foreclosure as long as possible,"
2 | that amending the complaint would prejudice Defendants, and that the proposed amendment is
3 | futile. (Dkt. No. 28 at 1-2.)
4 |     The Court finds that leave to amend is futile and would prejudice Defendants. Plaintiff's
5 | factual clarifications in the proposed amended complaint in support of a new breach of contract
6 | claim are limited to conclusory allegations that "[u]pon information and belief, from the
7 | inception [o]f Chase servicing Plaintiff's loan account to [the] date of this Complaint, Chase has
8 | misapplied credits to Plaintiff's loan account which does not reflect Plaintiff's true and accurate
9 | account balance," and that Chase charged Plaintiff fees that were not owed. (Dkt. No. 24, ¶¶12,
10 | 15.) Plaintiff provides no actual facts, however, upon which these allegations can rest.
11 | Plaintiff's proposed amended complaint does not state which payments were misapplied on
12 | which dates, does not state the amounts that were misapplied, and does not state the reason she
13 | believes payments were not properly credited. Plaintiff does not state when fees were
14 | improperly charged, what the amounts of the fees were, or how or why Plaintiff believes
15 | improper fees have been charged. Without these basic details, Defendants are not properly on
16 | notice of the claims against them, and Plaintiff's proposed amendment fails to state a plausible
17 | claim for relief.
18 |     Plaintiff's amended allegation that Defendants breached the duty of good faith by
19 | initiating foreclosure "without sufficient proof that the Plaintiff's loan account was in default"
20 | also fails to state a plausible claim for relief. While the Deed of Trust Act requires the existence
21 | of a default as a condition of a non-judicial foreclosure, RCW 61.24.030(3), it does not
22 | requireme a specific type of proof of default, the absence of which is actionable. Again,
23 | Plaintiff's proposed amended complaint contains no actual facts that suggest she was not in
24 |

default, and does not provide any basis for Plaintiff's belief that Defendants' lacked proof of default. Plaintiff must provide more than the conclusory allegation that Defendants' lacked "sufficient proof" in order to state a valid claim upon which relief can be granted.

Additionally, leave to amend would prejudice Defendants, who have been attempting to foreclose on the property for more than two years, (Dkt. No. 1, ¶12), and who should not be required to respond to an additional complaint when that pleading is facially insufficient.

Cognizant that Plaintiff is pro se, the Court nevertheless finds Plaintiff's proposed amendment futile, and therefore DENIES Plaintiff's motion.

III.     Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)

Defendants move to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (Dkt. Nos. 13, 16.)

A.     Breach of Duty of Good Faith

Plaintiff's first cause of action alleges Defendants breached the duty of good faith imposed on them by RCW 61.24.010(4) by initiating foreclosure "without sufficient proof that Defendant Chase was the "beneficiary" of the Plaintiff's Deed of Trust and "owner of any promissory note or other obligation secured by the deed of trust."" (Dkt. No. 1, ¶¶ 23-25.) Defendants argue that the beneficiary declaration attached as Exhibit B to Plaintiff's Complaint demonstrates that Chase is the beneficiary under Washington law, and that RCW 61.24.030(7)(a) does not require trustees to obtain proof of ownership (as opposed to proof of status as holder of the note) prior to initiating foreclosure. (Dkt. No. 13 at 5-6.)

Washington's Deed of Trust Act defines "beneficiary" as "the holder of the instrument or document evidencing the obligations secured by the deed of trust." RCW 61.24.005(2). The holder of the promissory note or other instrument evidencing the obligation is the beneficiary

1  under the deed of trust.  Bain v. Metro. Mortgage Grp., Inc., 175 Wn.2d 83, 89 (2012).  Whether

2  the holder of the note is the 'owner' is not a legally relevant inquiry; rather, "proof of [the status

3  of holder] is what entitles a beneficiary to enforce a note secured by a deed of trust.  Ownership

4  of the note is irrelevant."  Trujillo v. Nw. Tr. Servs., Inc., 181 Wn. App. 484, 506 (2014).

5        The Deed of Trust Act requires a trustee to have proof that the beneficiary has the right to

6  foreclose before it can issue a notice of sale.  RCW 61.24.030(7)(a).  It provides that "[a]

7  declaration by the beneficiary made under the penalty of perjury stating that the beneficiary is

8  the actual holder of the promissory note or other obligation secured by the deed of trust shall be

9  sufficient proof as required under this subsection."  Id.  The declaration must specify that the

10 beneficiary is the holder, not the owner, of the note.  Trujillo, 181 Wn. App. at 506.

11       Exhibit B to Plaintiff's complaint is a beneficiary declaration by Chase, stating, under the

12 penalty of perjury, that it is the holder of the promissory note.  This declaration was provided to

13 the trustee (who then provided it to Plaintiff) before the trustee issued a notice of sale.  (Dkt. No.

14 13 at 6.)  The trustee was required to verify through receipt of the declaration that Chase was the

15 beneficiary, i.e. the holder of the note, not the owner.  Plaintiff's first cause of action fails to state

16 a claim upon which relief can be granted, and is therefore DISMISSED.

17       B.     Consumer Protection Act

18       Plaintiff's second cause of action alleges that Defendants engaged in unfair and deceptive

19 trade practices in violation of the Washington Consumer Protection Act by initiating foreclosure

20 without "sufficient proof that Defendant Chase was the "beneficiary" of Plaintiff's Deed of Trust

21 and "owner of any promissory note"" as required by RCW 61.24.030(7).  (Dkt. No. 1, ¶¶ 26-30.)

22 Defendants argue that their failure to provide proof of ownership is not a per se unfair trade

23 practice under RCW 61.24.135(2) and that they have not otherwise committed an unfair trade

24

1   practice because RCW 61.24.030(7) requires proof of status as holder of the promissory note, not

2   proof of ownership. (Dkt. No. 13 at 7-8.) Defendants also argue that Plaintiff has not alleged a

3   compensable injury under the Consumer Protection Act. (Id. at 8-9.)

4          Plaintiff fails to state a claim for violation of the Consumer Protection Act. Violations of

5   the Deed of Trust Act may be actionable under the Consumer Protection Act under normal

6   Consumer Protection Act principles. Frias v. Asset Foreclosure Servs., Inc., 334 P.3d 529, 537

7   (Wash. 2014). As discussed above, however, the beneficiary declaration attached by Plaintiff to

8   her Complaint is sufficient proof of Chase's beneficiary status under RCW 61.24.030(7)(a).

9   Furthermore, RCW 61.24.030(7) requires a trustee to obtain proof that the beneficiary had a right

10  to enforce the note through a declaration that the beneficiary is the holder of the note, not the

11  owner of the note. Trujillo, 181 Wn. App. at 506. Plaintiff does not plead a violation of the

12  Deed of Trust Act that could serve as an unfair or deceptive trade practice under the Consumer

13  Protection Act, and therefore the Consumer Protection Act claim is DISMISSED.

14          C.      Truth in Lending Act

15         Plaintiff's third cause of action alleges that Defendants violated section 1642(f)(2) of the

16  Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq., by failing to acknowledge receipt of a

17  qualified written request ("QWR") within 5 days or respond substantively within 10 days, with

18  the result that Plaintiff is unaware of "who the owner of the Note and Deed of Trust is or to

19  whom, if any, she is actually indebted to." (Dkt. No. 1, ¶¶ 31-38.) Defendants argue that

20  Plaintiff has not alleged detrimental reliance as required for a TILA claim, and has not alleged

21  facts showing damages that are actual rather than merely speculative. (Dkt. No. 13 at 9.)

22         "Upon written request by the obligor, the servicer shall provide the obligor, to the best

23  knowledge of the servicer, with the name, address, and telephone number of the owner of the

24

obligation or the master servicer of the obligation." 15 U.S.C.A. § 1641(f)(2) (West). "To withstand a motion to dismiss, however, a plaintiff must allege damages resulting from any failure to provide such information." Fazio v. Experian Info. Solutions, Inc., 2012 WL 2119253, at *6 (N.D. Cal. June 11, 2012). "[I]n order to receive actual damages for a TILA violation… a borrower must establish detrimental reliance." Gold Country Lenders v. Smith (In re Smith), 289 F.3d 1155, 1157 (9th Cir. 2002).

Plaintiff has not pleaded any facts that support actual damages or detrimental reliance. Plaintiff filed this suit on June 24, 2014, seven days after sending Defendant Chase the QWR on June 16, 2014, which the Court notes is less time than Plaintiff alleges that Chase has to respond to the request under TILA. While Plaintiff pleads that she suffered mental anguish and emotional distress as a result of Chase's failure to promptly respond to her QWR, Plaintiff pleads no facts supporting actual damages resulting from Chase's failure to alert her as to who owned her debt within seven days of receiving the QWR. Plaintiff's TILA cause of action is DISMISSED.

### D. Real Estate Settlement Procedures Act

Plaintiff's fourth cause of action alleges that Defendants violated section 2605(e) of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., by failing to respond to Plaintiff's QWR within the timeframe established by RESPA. (Dkt. No.1, ¶¶ 44-45.) Plaintiff alleges that her loan account "has been improperly serviced in that credits for payments made by her were not applied to her mortgage loan account." (Dkt. No. 1, ¶ 41.) Defendants argue that Plaintiff fails to state a claim for three reasons: she filed suit seven days after sending Chase a QWR though RESPA gives loan servicers thirty days to respond, Plaintiff's letter does not qualify as a QWR, and Plaintiff does not allege plausible damages. (Dkt. No. 13 at 10.)

RESPA requires a loan servicer who receives a QWR from a borrower to acknowledge receipt of the QWR in writing within five business days, and to make the appropriate corrections in the borrower's account and send written notification of such corrections within thirty business days. 12 U.S.C. § 2605(e)(1)(A), (e)(2). A loan servicer may be liable for failing to respond to a QWR for actual damages to the borrower as a result of the failure. 12 U.S.C. § 2605(f)(1). "[A] showing of actual damages is required to state a claim under RESPA." Oliver v. Ocwen Loan Servs., LLC, 2013 WL 210619, at *6 (W.D. Wash. Jan. 18, 2013).

Plaintiff has not alleged any plausible damages that resulted from Chase's failure to respond to the QWR sent seven days earlier. Plaintiff makes the conclusory allegation that Chase's actions "have resulted in actual damages to the Plaintiff," (Dkt. No. 1 at 45), but pleads no facts to support a plausible showing of those damages. Defendants have since responded to the QWR. (Dkt. Nos. 29-4, 42 at 3.) Plaintiff's RESPA claim is DISMISSED.

E. Fair Debt Collection Practices Act

Plaintiff's fifth cause of action alleges violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, because Defendants initiated foreclosure without sufficient proof that Chase was the beneficiary of the deed of trust or owner of the debt as required by RCW 61.24.030(7). (Dkt. No. 1, ¶¶ 46-54.) Defendants once again cite Trujillo, 181 Wn. App. 484, and argue they were entitled to initiate foreclosure because Chase holds the note and is the beneficiary of the deed of trust. (Dkt. No. 13 at 13-14.)

FDCPA prohibits a debt collector from taking or threatening to take "nonjudicial action to effect dispossession or disablement of property if—(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from

ORDER ON PLAINTIFF'S MOTION TO AMEND
AND DEFENDANTS' MOTIONS TO DISMISS- 9

such dispossession or disablement." 15 U.S.C. § 1692f(6). As discussed above, the Deed of Trust Act allows beneficiaries who hold promissory notes to foreclose on property if the borrower has defaulted; ownership of the note is not part of the relevant inquiry. Trujillo, 181 Wn. App. at 506. Beneficiaries may appoint qualified trustees to foreclose a deed of trust non-judicially when a borrower defaults based on a sworn declaration stating, under the penalty of perjury, that the beneficiary is the holder of the promissory note. RCW 61.24 et seq.

Plaintiff alleges no facts disputing the accuracy of the beneficiary declaration. Chase was not required to prove ownership of the note. Plaintiff fails to state a plausible claim for relief, and her FDCPA claim is DISMISSED.

      F.    Declaratory Relief

Plaintiff's final cause of action requests an affirmative declaration under the Declaratory Judgment Act of 1934, 28 U.S.C. § 2001, and Fed. R. Civ. P. 65 that the beneficiary declaration failed to prove Chase's status as beneficiary and owner of Plaintiff's promissory note, and that the trustee thus lacked sufficient proof to initiate foreclosure under RCW61.24.030(7). (Dkt. No. 1, ¶¶ 55-61.) Plaintiff also seeks a declaration that initiating foreclosure without legally sufficient proof constituted a breach of the duty of good faith. (Id.) Defendants argue that declaratory relief is a remedy and not a cause of action, and because Plaintiff cannot succeed on her other claims, she is not entitled to declaratory relief. (Dkt. No. 13 at 14-15.)

Declaratory judgment is a remedy, not a cause of action. See, e.g., Bisson v. Bank of Am., N.A., 919 F. Supp. 2d 1130, 1139 (W.D. Wash. 2013). To obtain declaratory relief, Plaintiff must first adequately state an underlying claim. Id., see also Massey v. BAC Home Loans Servicing LP, 2013 U.S. Dist. LEXIS 147342, at *14 (W.D. Wash. Feb. 13, 2013).

Because Plaintiff has failed to state any plausible claim, she is not entitled to declaratory relief, and her sixth cause of action is DISMISSED.

**Conclusion**

The Court finds that leave to amend Plaintiff's complaint would be futile and would prejudice Defendants, and DENIES Plaintiff's motion for leave to amend. (Dkt. No. 24.) The Court GRANTS Defendants' motions to dismiss (Dkt. Nos. 13, 16). Plaintiff's case is hereby DISMISSED with prejudice.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 23rd day of October, 2014.

Marsha J. Pechman
Chief United States District Judge